| | |
|---|---|
| Thomas E. Moore III (Bar # 115107) | Arthur M. Dresner (*pro hac vice*) |
| TOMLINSON ZISKO LLP | REED SMITH LLP |
| 200 Page Mill Road, Second Floor | 599 Lexington Avenue |
| Palo Alto, California 94306 | New York, NY 10022 |
| Telephone: (650) 325-8666 | Telephone: (212) 521-5404 |
| Facsimile: (650) 324-1808 | Facsimile: (212) 521-5450 |

Attorneys for Plaintiff and Counterdefendant
DIGITAL IMPACT, INC.

John P. Bovich  (SBN 150688)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922
Telephone: (415)543-8700
Facsimile: (415) 391-8269

L.J. Chris Martiniak (Bar # 64847)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94014
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Defendant and Counterclaimant
BIGFOOT INTERACTIVE, INC.

Attorneys for Defendant and Counterclaimant
YESMAIL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIGITAL IMPACT, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BIGFOOT INTERACTIVE, INC., a Delaware corporation, <br><br> Defendant. | **RELATED CASES:** <br> **No.: C 05 00636 SBA** <br> **No. C 05 00990 SBA** <br><br> **STIPULATION AND ORDER** <br> **CONTINUING CASE SCHEDULE** |
| DIGITAL IMPACT, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> YESMAIL, INC., a Delaware corporation,, <br><br> Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

THE PARTIES HEREBY STIPULATE, by and through their respective counsel, to the matters set forth below based on the following:

1. Pursuant to this Court's assignment order of November 16, 2005, the parties have been working with Magistrate Judge Zimmerman in efforts to try to settle each of the two related cases prior to engaging in discovery and incurring substantial litigation costs. The assignment order specified that Judge Zimmerman must complete his efforts on or before November 28, 2006.

2. The parties have engaged in numerous discussions to try to achieve settlement and Judge Zimmerman has held a number of conferences with the parties.

3. Although the parties have not yet reached settlement, progress is being made and the parties wish to continue their efforts, with the assistance of Judge Zimmerman, before having to engage in costly discovery and preparation for the mini-Markman hearing. This Court's Case Management scheduling order of January 3, 2006 tends to interfere with ongoing settlement discussions and the parties therefore desire to have the scheduling order modified by extending each of the deadlines set forth in the January 3, 206 scheduling order by 90 days. Accordingly, the following stipulation is substantially identical to this Court's scheduling order of January 3, 2006, except for the deadline dates being about 90 days later.

WHEREFORE, the parties stipulate to the following:

1. Pending the parties' attempt to settle the case, discovery in both related cases shall be stayed. If resolution of either case is not successful, the court will then conduct a limited "mini-Markman" proceeding in accordance with the rest of this order. At that time, limited discovery may be conducted solely as to the issues presented in that proceeding without prejudice to subsequent discovery on all relevant issues if the case is not resolved by the mini-Markman proceeding.

2. The Court will hold a "mini-Markman" hearing on January 30, 2007, at 9:00 a.m., or as soon thereafter as this Court may order, concurrently in both related cases. The purpose of the "mini-Markman" hearing will be to construe the patent-at-issue, U.S. Patent No. 6,449,634, with respect to the sole issue of whether the patent's claims require steps from independent parties.

3. The schedule of submissions prior to that hearing is set forth below:

| **Deadline** | **Activity** |
|---|---|
| September 15, 2006 | Exchange of Proposed Terms and Claim Elements for Construction (Pat. L.R. 4-1). The parties are to limit the terms to be construed to no more than six terms. |
| September 22, 2006 | Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Pat. L.R. 4-2). |
| October 13, 2006 | Joint Claim Construction and Prehearing Statement (Pat. L.R. 4-3). |
| November 13, 2006 | Claim Construction Discovery closes. |
| November 27, 2006 | Bigfoot and Yesmail file their "mini-Markman" briefs. |
| December 11, 2006 | Digital Impact files its opposition papers. |
| December 18, 2006 | Bigfoot and Yesmail file their reply papers. |
| January 30, 2006 | Mini-Markman hearing |

3.   The parties anticipate that discovery in this case will require the disclosure of substantial amounts of confidential, proprietary and other commercially sensitive information, and therefore will seek the entry of a mutually agreeable protective order in each related case. All other proceedings and disclosures will be deferred until after the Court issues its mini-Markman order. If that order does not dispose of the case, the parties may propound discovery on any of the remaining issues in the case without further leave of Court.

4.   After issuing its mini-Markman order, the court shall, if necessary, set a date for a further case management conference for the purpose of scheduling dates for the balance of the case.

Dated:  May 23, 2006                              TOMLINSON ZISKO LLP

                                        BY         /s/ Thomas E. Moore III
                                            Thomas E. Moore III
                                            Attorney for Plaintiff and Counterdefendant
                                            DIGITAL IMPACT, INC.

| | | |
|---|---|---|
| 1 | Dated: May 23, 2006 | REED SMITH LLP |
| 2 | | |
| 3 | | BY         /s/ Arthur M. Dresner |
| 4 | | Arthur M. Dresner<br>Attorneys for Defendant and Counterclaimant<br>BIGFOOT INTERACTIVE, INC. |
| 5 | | |
| 6 | Dated: May 23, 2006 | HELLER EHRMAN LLP |
| 7 | | |
| 8 | | BY         /s/ L.J. Chris Martiniak |
| 9 | | L.J. Chris Martiniak<br>Attorneys for Defendant and Counterclaimant<br>YESMAIL, INC. |

## **ORDER**

Pursuant to the stipulation, and for good cause shown, IT IS HEREBY ORDERED THAT

1. Pending the parties' attempt to settle the case, discovery in both related cases shall be stayed. If resolution of either case is not successful, the court will then conduct a limited "mini-Markman" proceeding in accordance with the rest of this order. At that time, limited discovery may be conducted solely as to the issues presented in that proceeding without prejudice to subsequent discovery on all relevant issues if the case is not resolved by the mini-Markman proceeding.

2. The Court will hold a "mini-Markman" hearing on **January 31, 2007**, at 9:00 a.m., or as soon thereafter as this Court may order, concurrently in both related cases. The purpose of the "mini-Markman" hearing will be to construe the patent-at-issue, U.S. Patent No. 6,449,634, with respect to the sole issue of whether the patent's claims require steps from independent parties.

3. The schedule of submissions prior to that hearing is set forth below:

| Deadline | Activity |
|---|---|
| September 15, 2006 | Exchange of Proposed Terms and Claim Elements for Construction (Pat. L.R. 4-1). The parties are to limit the terms to be construed to no more than six terms. |
| September 22, 2006 | Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Pat. L.R. 4-2). |
| October 13, 2006 | Joint Claim Construction and Prehearing Statement (Pat. L.R. 4-3). |
| November 13, 2006 | Claim Construction Discovery closes. |
| November 27, 2006 | Bigfoot and Yesmail file their "mini-Markman" briefs. |
| December 11, 2006 | Digital Impact files its opposition papers. |
| December 18, 2006 | Bigfoot and Yesmail file their reply papers. |
| January 31, 2007 | Mini-Markman hearing |

3. The parties anticipate that discovery in this case will require the disclosure of substantial amounts of confidential, proprietary and other commercially sensitive information, and therefore will seek the entry of a mutually agreeable protective order in each related case. All other proceedings and disclosures will be deferred until after the Court issues its mini-Markman order. If that order does not dispose of the case, the parties may propound discovery on any of the remaining issues in the case without further leave of Court.

4. After issuing its mini-Markman order, the court shall, if necessary, set a date for a further case management conference for the purpose of scheduling dates for the balance of the case.

IT IS SO ORDERED.

DATED: June 1, 2006

HON. SAUNDRA B. ARMSTRONG
UNITED STATES DISTRICT JUDGE